UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAT TARWATER D/B/A NEW WORLD ORDER HEALTH AND WELLBEING, JR., <br><br> Plaintiff, <br><br> v. <br><br> VIGO COUNTY, <br> TERRE HAUTE CITY, <br> SHERIFFS DEPARTMENT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:25-cv-00287-JPH-MKK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

### I.  *In forma pauperis* status

Mr. Tarwater's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Tarwater to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II.  Screening

**A. Screening standard**

The Court has the inherent authority to screen Mr. Tarwater's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners

alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Tarwater and his organization New World Order Health & Wellbeing filed this action against the city of Terre Haute, Vigo County, and a county sheriff's department. Dkt. 1. Mr. Tarwater claims that he has a corporation which "is the competitive contractor to the United States Health department," that he sought to "enforce federal law so [his] corp did [their] water provision" after noticing that "the Annual water provision was late being [assessed] by the Epa," but "they arrested [Mr. Tarwater] for no reason." *Id.* at 5. Mr. Tarwater was then charged with impersonating a public administrator and trespassed from public property. *Id.*

### C. Discussion of claims

The Court construes Mr. Tarwater's complaint as alleging a wrongful arrest claim under 42 U.S.C. § 1983.  However, Mr. Tarwater does not identify which officer or officers participated in his arrest, which agency employed them, or offer any details about the incident beyond the conclusory statement that they had "no reason" to arrest him.  Dkt. 1 at 5.  Furthermore, Mr. Tarwater has named Vigo County, the city of Terre Haute, and the sheriff's department as defendants, but there is no vicarious liability under § 1983. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  A municipality or municipal entity can only be liable under § 1983 if there is a widespread policy or practice that caused a constitutional injury, and Mr. Tarwater has not alleged any such custom here.  *See Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978).   Lastly, the Court notes that it is unclear from Mr. Tarwater's case what relief he seeks beyond monetary damages, but to the extent his request would cause this Court to interfere with ongoing state criminal proceedings, this Court would be not be able to do so.  *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the *Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions.").

Because Mr. Tarwater has not identified or named proper defendants, his complaint must be **DISMISSED**.  Mr. Tarwater **SHALL HAVE through July 25, 2025**, to file an amended complaint.  An amended complaint should explain the basis for this Court's jurisdiction, specify the defendants against whom claims are raised, and explain what those defendants did, and when.  *See* Fed.

3

R. Civ. P. 8(a); 12(b).  If Mr. Tarwater does not file an amended complaint, the Court will dismiss this case with prejudice for failure to state a claim without further notice.

### IV. Conclusion

Mr. Tarwater's motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2].

Mr. Tarwater's complaint must be dismissed for the reasons in this order.  He shall have until **July 25, 2025**, to file an amended complaint.  Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  The **clerk is directed** to send a form complaint with Mr. Tarwater's copy of the order.

**SO ORDERED.**

Date: 7/1/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAT TARWATER D/B/A NEW WORLD ORDER HEALTH AND WELLBEING, JR.
2217 S. 7th St.
Terre Haute, IN 47802